IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| AMEE JO BUTCHER, | ) | Case No. 5:23-CV-2451 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

On December 26, 2023, Plaintiff Amee Jo Butcher ("Butcher"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for social security income ("SSI"). ECF Doc. 1. The Court referred the case to Magistrate Judge Amanda M. Knapp for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Knapp recommends the Court affirm the decision of the Commissioner. ECF Doc. 10.

Butcher filed an objection on December 10, 2024, raising one specific issue - that the Magistrate Judge erred in finding that the administrative law judge ("ALJ") did not fail to develop the record regarding Plaintiff's medical need for a cane. ECF Doc. 11. The Commissioner filed a response on December 18, 2024. ECF Doc. 12. The Court has reviewed the record, the briefings, the R&R, Butcher's objection and the Commissioner's response. Because the ALJ did not have a duty to develop the record by ordering a consultative

examination to assess whether Butcher's use of a cane was medically necessary and because the Commissioner's decision to deny SSI was supported by substantial evidence, the Court overrules Butcher's objection and adopts Magistrate Judge Knapp's R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

I.  **Background**

Ms. Butcher filed her SSI application on June 5, 2020, alleging a disability onset date of July 20, 2020. Her application was denied initially and upon reconsideration. She then requested a hearing before an administrative law judge. Tr. at 222.[1] On June 3, 2021, Butcher appeared with her representative and testified before ALJ Charles Schinn. Tr. at 30. On June 15, 2021, ALJ Schinn issued a decision finding Ms. Butcher was not disabled. Tr. at 13. On August 3, 2021, Butcher filed a request for Appeals Council review of ALJ Shinn's decision, which was denied on June 9, 2022. Tr. at 1.

On August 10, 2022, Butcher filed a lawsuit in this Court. See Northern District of Ohio Case No. 5:22-cv-01419-JDG. On April 11, 2023, this Court, upon stipulation of the parties, remanded Butcher's case back to the Commissioner for further administrative proceedings. Tr. at 792. On June 5, 2023, the Appeals Council, consistent with this Court's order, vacated Judge Shinn's first unfavorable decision and remanded Butcher's case to the ALJ for further administrative proceedings. Tr. at 761-765. On October 5, 2023, Plaintiff appeared with her representative and testified again before ALJ Shinn. Tr. at 725-760. On October 23, 2023, ALJ Shinn issued a second decision finding Plaintiff was not disabled. Tr. at 701-724.

---

[1] The transcript is at ECF Doc. 7.

Of relevance here, ALJ Schinn did not find that Butcher's use of a cane was medically necessary and did not include the need for a cane in his residual functional capacity ("RFC") determination. Tr. at 710. Specifically, the ALJ stated,

> Regarding the claimant's use of a cane, she had reported using it intermittently in January 2020, prior to the relevant period, and only rarely as of the start of the relevant period. The record generally does not report use of a cane and consistently documents an unassisted gait, albeit slow, throughout most of the relevant period thereafter. It is not until March 2023 that the claimant's use of a cane is documented, although, during the visit with the same physician the month before, there was no mention of a cane and her gait was observed as normal.

Tr. at 712-713.

On December 26, 2023, Ms. Butcher filed the lawsuit currently pending before this Court. ECF Doc. 1.

## II. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the

decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)

4

(quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

**III. Law & Analysis**

Butcher asserted one issue to be decided by this Court – whether ALJ Schinn failed to develop the record by not ordering a medical examination of Butcher to determine whether her use of a cane was medically necessary. After thorough examination of the record and applicable law, Magistrate Judge Knapp determined that ALJ Schinn did not have a duty to order a consultative examination to determine whether Ms. Butcher's use of a cane was medically necessary and that, despite misstatements about the record, the ALJ's findings were supported by substantial evidence. Upon thorough review of the record and Magistrate Judge Knapp's R&R, the Court agrees with Magistrate Judge Knapp's analysis and conclusion.

**A. Was the ALJ Required to Order a Consultative Examination?**

Butcher argues that the ALJ should have ordered a supplemental medical examination to determine whether her cane was medically necessary. But Butcher had the ultimate burden to prove her disability and entitlement to benefits. *Moats v. Comm'r of Soc. Sec.,* 42 F.4th 558, 563 (6th Cir. 2022) (quoting *Duncan v. Sec'y of Health & Hum. Servs.,* 801 F.2d 847, 856 (6th Cir. 1986); citing 20 C.F.R. § 404.1512(a)), cert. denied sub nom. *Moats v. Kijakazi,* 143 S. Ct. 785 (2023); see also 20 C.F.R. § 416.912(a)(1) ("[Y]ou have to prove to us that you are blind or disabled."); 20 C.F.R. § 416.945(a)(3) ("[Y]ou are responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

The ALJ was required to develop the facts to ensure that Butcher received a fair hearing, but he had *discretion* in ordering a consultative examination. 20 C.F.R. § 416.912(b)(2); see also 20 C.F.R. §§ 416.917, 416.945(a)(3). The Sixth Circuit has confirmed that it is within an ALJ's "discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001); *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("[T]he regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."); *see also Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 263 (6th Cir. 2015) (finding an "ALJ's duty to develop the record" does not necessarily "require the ALJ to order a consultative examination"). A consultative examination may be appropriate "to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis," where such evidence is not contained in a medical source's records or where the medical source's evidence "cannot be obtained for reasons beyond [the claimant's] control." 20 C.F.R. § 416.919a(b).

Here, Butcher, who was represented by counsel,[2] did not inform the ALJ that her record was insufficient or that she was unable to obtain needed evidence for reasons beyond her control. She cannot fault the ALJ for failing to develop the record when she did not request further development. "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record and later fault the ALJ for not performing a more exhaustive investigation." *See Campbell v. Comm'r of Soc. Sec.*, No. 1:12CV1406, 2013 U.S. Dist. LEXIS 64952, at *28 (N.D. Ohio May 7, 2013) ("At the hearing, counsel did not

---

[2] Because Butcher was represented by counsel, the ALJ was not required to exercise a "heightened level of care" in developing the record. *See Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983); *Moats,* 42 F. 4th at 564.

indicate or suggest to the ALJ that any medical records were missing from the administrative record, nor did counsel ask for the ALJ's assistance in obtaining any additional medical records.") (citing *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004)); *Hopkins v. Comm'r of Soc. Sec.,* 96 F. App'x 393, 395 (6th Cir. 2004) (finding the ALJ did not need to request additional testing where claimant was represented by counsel, did not request additional testing at the hearing, and had conditions that were well documented on the record).

Butcher argues that Magistrate Judge Knapp mistakenly relied on *Winans v. Comm'r of Soc. Sec.,* No. 5:22-cv-1793, 2023 U.S. Dist. LEXIS 204232 (N.D. Ohio). The Court has reviewed *Winans* and recognizes that Butcher's impairments seem more severe than those suffered by Winans. However, the law cited in *Winans* is still applicable – that "the ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Winans* at *7, citing *Foster,* 279 F.3d at 355; see also *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 562 (6th Cir. 2014) ("[W]e note that solicitation of an expert medical opinion is discretionary."). Thus, Magistrate Judge Knapp did not mistakenly apply the law of *Winans* to Butcher's case.

The Court agrees with Magistrate Judge Knapp that the ALJ was not under a heightened duty to develop the record and did not misapply legal standards by failing to order a consultative examination. The burden was on Ms. Butcher to prove that she was disabled. If she felt that the record did not support her contention that a cane was medically necessary, she should have at least requested that the ALJ obtain an updated examination. An ALJ need not "obtain[] updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial evidence." *Davidson v. Comm'r of Soc. Sec.*, No. 3:22 CV 938, 2023 U.S. Dist. LEXIS 161938 at *10 (N.D. Ohio Sept. 13, 2023), citing *Van Pelt v. Comm'r of Soc. Sec.,* 2020 U.S. Dist. LEXIS 244781

7

(N.D. Ohio). The ALJ did not fail to follow proper legal standards by failing to obtain an updated consultative examination.

**B. Was the ALJ's Decision Supported by Substantial Evidence?**

Magistrate Judge Knapp also determined that the ALJ's decision was supported by substantial evidence. Magistrate Judge Knapp's R&R acknowledges that the ALJ made some misstatements in his decision about the record related to Butcher's use of a cane. ECF Doc. 10 at 29. This is troubling because it could potentially call into question whether there was substantial evidence supporting the ALJ's decision. However, a factual mistake may be considered harmless—and thus not a basis for reversal—where the ALJ's assessments and decision as a whole are supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 712–13 (6th Cir. 2012); *Hickerson v. Comm'r of Soc. Sec.,* No. 3:20-CV-01678, 2021 U.S. Dist. 258004, at *28-29 (N.D. Ohio Nov. 3, 2021), *report and recommendation adopted sub nom. Hickerson v. Comm'r of Soc. Sec.,* No. 3:20-CV-1678, 2023 U.S. Dist. LEXIS 174761 (N.D. Ohio Sept. 29, 2023); *Cameron v. Comm'r of Soc. Sec.,* No. 1:15-CV-169-HSM-SKL, 2016 WL 11431681, at *7 (E.D. Tenn. Apr. 12, 2016), *report and recommendation adopted sub nom. Cameron v. Colvin*, No. 1:15-CV-169, 2016 U.S. Dist. LEXIS 100920 (E.D. Tenn. Aug. 2, 2016). This is because the evidence in the record must be "taken as a whole" in determining whether the Commissioner's findings are supported by substantial evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

Here, the record when taken as a whole did not support the medical necessity of Ms. Butcher's cane. As stated in the R&R, the Sixth Circuit has explained that a cane "cannot be considered an exertional limitation" in an RFC if the cane "was not a necessary device for claimant's use." *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). Under Social

8

Security Ruling ("SSR") 96-9p, an ALJ may only find a cane to be medically necessary where the record contains "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 61 Fed. Reg. 34478, 34482 (July 2, 1996).

Courts in this district have held that the "medical documentation" required by SSR 96-9p does not include mere "notations relating to a claimant's continued use of an assistive device." *See Barnes v. Comm'r of Soc. Sec.*, No. 5:21-CV-01688-JDA, 2023 U.S. Dist. LEXIS 69450, at *21 (N.D. Ohio Mar. 22, 2023) (collecting cases) ("[T]he fact that various physicians noted Mr. Barnes' use of a cane or a walker does not establish that an assistive device was medically necessary for purposes of SSR 96-9p."); *Phillips v. Comm'r of Soc. Sec.,* No. 5:20-CV-01718-CEH, 2021 U.S. Dist. LEXIS 228485 at *30 (N.D. Ohio Nov. 30, 2021) ("Although various medical records note that Claimant presented at appointments using a cane, these notations do not meet the requirements of SSR 96–9p.").

Here, Butcher testified at her 2023 hearing that she was forced to use her cane when she had to "walk for a distance" (Tr. 738-739), but her testimony was equivocal and did not establish that the cane was medically necessary for purposes of SSR 96-9p. Nor did the scattered references to Butcher's cane in the voluminous medical records support the medical necessity of the cane. The bottom line is that the record did not contain medical documentation stating that Butcher required a cane to walk. Thus, despite the misstatements made by the ALJ, the record as a whole supported his finding that Butcher's cane was not medically necessary. Magistrate Judge Knapp concluded, and this Court agrees, that substantial evidence supported the ALJ's finding that Ms. Butcher's use of a cane was not medically necessary.

9

## IV. Conclusion

For the reasons discussed above, the Court overrules Butcher's objection to the R&R, which is hereby adopted. Because the Commissioner's decision to deny SSI applied the correct legal standards and is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: January 3, 2025          *s/Dan Aaron Polster*
                                United States District Judge